UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 18-cr-0271 (WMW/HB) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Barry Keith Johnson, Jr., | |
| Defendant. | |

This matter is before the Court on Defendant Barry Keith Johnson, Jr.'s motion for release from custody and for self-surrender. (Dkt. 103.) For the reasons addressed herein, Johnson's motion is denied.

## BACKGROUND

Defendant Barry Keith Johnson, Jr. was charged by indictment on November 7, 2018, with three controlled-substance offenses after he allegedly sold controlled substances to a confidential informant on three occasions. Johnson pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), for selling approximately one pound of methamphetamine to the confidential informant in September 2018. On February 25, 2020, this Court imposed a sentence of 72 months' imprisonment. At the conclusion of the sentencing hearing, Johnson was remanded to custody of the United States Marshal pursuant to the Mandatory Detention Act. 18 U.S.C. § 3143(a)(2). Johnson currently is detained at Sherburne County Jail awaiting designation and transportation to a Bureau of Prisons (BOP) facility. According to Johnson, he will be at

Sherburne County Jail for the foreseeable future because the BOP has suspended transportation to other facilities until at least April 13, 2020.  Because of the circumstances created by the COVID-19 pandemic and his congestive heart failure, Johnson moves for release from custody and the opportunity to self-surrender to the BOP no later than May 15, 2020.  Plaintiff United States of America opposes Johnson's motion.

**ANALYSIS**

The decision to release a defendant awaiting the imposition or execution of a sentence is governed by 18 U.S.C. § 3143.  After a defendant has been found guilty of an offense described in Section 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant detained unless two conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed; *and* (2) there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community.  18 U.S.C. § 3143(a)(2)(A), (B).  Johnson does not dispute that he is subject to mandatory detention because the offense to which he pleaded guilty is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, and carries a maximum term of imprisonment of ten years or more, *see* 18 U.S.C. § 3142(f)(1)(C) (incorporated by reference in 18 U.S.C. § 3143(a)(2)).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, a defendant awaiting the imposition of a sentence may be released "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" and the person is not likely to flee or pose a danger to

society. 18 U.S.C. § 3145(c); *see also United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). Exceptional reasons that may warrant release under Section 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted).

Johnson asserts that, given his congestive heart failure, his health will be put at very serious risk if he is required to remain in custody. He contends that he will be housed at Sherburne County Jail for the foreseeable future because the BOP has suspended transportation to other facilities until at least April 13, 2020, when the BOP will reevaluate its policy. The BOP's delay in transporting Johnson to the facility where he will serve his sentence is not an exceptional circumstance that warrants Johnson's release. *See United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (concluding that the "exceptional reasons" language in Section 3145 "does not relate to inadequacies in the general means of transportation of prisoners" and rejecting the district court's determination that the length of time to transport to a BOP facility was an exceptional circumstance).

While the Court recognizes the gravity of the COVID-19 pandemic and can appreciate Johnson's concern in light of his health conditions and the special threat COVID-19 could pose to those in a communal setting, Johnson's generalized concern with contracting COVID-19 does not constitute an exceptional reason for his release. There have been no confirmed cases at the jail as of March 25, 2020. The Sherburne County Jail administrator maintains that "the structural, operational, and medical ability to respond to the ongoing crisis [and] protect inmate health" exists at the facility, including implementation of "rigorous and routine cleaning, sanitation, and hygiene procedures."

Officials at Sherburne County Jail proactively have taken numerous other steps to ensure the safety of its population, including screening new arrivals for illness and requiring new arrivals to successfully complete a 14-day quarantine before entering the general population. Should COVID-19 enter Sherburne County Jail, officials represent to the Court that "numerous contingency plans [exist] to isolate and control such an outbreak."

Finally, when considering Johnson's proposal to reside with his significant other, A.V., and her children if released, the Court is mindful that Johnson resided with A.V. when he committed the instant offense and also for a period of time while on pretrial supervision until Johnson violated his conditions of pretrial supervision by using illicit substances. As a consequence, the Court modified Johnson's conditions of pretrial supervision to include a condition that he reside at a halfway house.

In summary, Johnson has not demonstrated that the circumstances presented here warrant his release from custody.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Barry Keith Johnson, Jr.'s motion for release from custody and for self-surrender, (Dkt. 103), is **DENIED**.

Dated: April 8, 2020

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge